IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:22-CR-68-TAV-JEM |
| JORDON ALBERT WHITE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case came before the undersigned on April 25, 2023, for a telephonic motion hearing on Defendant Kiersten Whitehead's Motion to Continue Trial and Related Hearings and Deadlines [Doc. 189], filed on April 3, 2023. The following codefendants move to join in the motion: David Whitehead [Doc. 190], Shawn Fuller [Doc. 191], Yazan Abdul-Latif [Doc. 192], Adarius McLeroy [Doc. 193], Rebecca O'Brian [Doc. 194], Anthony Davis [Doc. 197], and Jordon White [Doc. 201]. Assistant United States Attorney Cynthia F. Davidson appeared by telephone on behalf of the Government. The following defense counsel appeared via telephone: Attorney Gregory H. Harrison for Defendant Jordon White; Attorney Jonathan S. Wood for Defendant Anasia Cherry; Attorney Forrest L. Wallace for Defendant Tatyana Davenport; Attorney Jamie Poston Hughes for Defendant Shawn Fuller; Attorney Michael Thomas Cabage for Defendant James Johnson; Attorney Gerald L. Gulley, Jr., for Defendant Adarius McLeroy; Attorney Cordt Akers for Defendant Rebecca O'Brian; Attorney

Rachel Wolf for Defendant Kiersten Whitehead; and Attorney Wesley D. Stone for Defendant Lamar Harshaw.[1]  Defendants were excused from the hearing.

Defendant Kiersten Whitehead moves to continue the May 9, 2023 trial date and all pretrial deadlines because counsel needs additional time to prepare the case for trial [Doc. 189].  The motion relates that discovery is voluminous and includes extensive financial records.  Defendant states that defense counsel is away from her office due to personal conflicts for two and one-half weeks in April 2023 and that the parties need additional time to pursue plea negotiations, including counsel's review of a plea offer with Defendant.  The motion relates that the Government has no objection to a trial continuance.  Defendants David Whitehead [Doc. 190], Fuller [Doc. 191], Abdul-Latif [Doc. 192], McLeroy [Doc. 193], O'Brian [Doc. 194], Davis [Doc. 197], and Jordan White [Doc. 201] have joined in the motion to continue, stating they are similarly situated.

At the telephonic motion hearing, AUSA Davidson confirmed that the Government did not oppose a trial continuance.  Counsel for Defendants Cherry and Harshaw stated that their clients did not object to a continuance.  Counsel for Defendants Davenport and Johnson also noted no objection on behalf of their clients but informed the Court that their clients were awaiting change-of-plea hearings and did not expect to proceed to trial.  Mr. Stone moved to extend the motion deadline on behalf of Defendant Harshaw, stating that he was appointed two weeks ago and received discovery one week ago.  Mr. Gulley and Mr. Akers also requested an extension of the motion deadline, a request which they believed to be covered by the motion to extend all pretrial deadlines in the motion to continue.  The parties agreed to a new trial date of November 14, 2023.

---

[1] Attorney Michael P. McGovern, who represents Defendant David Whitehead, was excused from the hearing due to a conflict, and Mr. Stone appeared with his calendar [*See* Doc. 233]. Attorney Norman Silverman, who represents Defendant Yazan Abdul-Latif, failed to appear for the telephonic hearing.

The Court finds the motion to continue the trial is unopposed and well taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Counsel for most of the Defendants request additional time to review the voluminous discovery and to prepare for trial. Defendant Harshaw first appeared on April 12, 2023, and his counsel received discovery one week ago.[2] Upon the oral motion of Defendant Harshaw, the Court extended the motion deadline to May 30, 2023, for all Defendants proceeding to trial. The Court finds a trial continuance is necessary to permit defense counsel time to complete review of discovery; confer with their respective clients regarding pretrial motions, defense strategy, and the possibility of entering a plea agreement; and to otherwise prepare the case for trial. Accordingly, a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial [Doc. 189] and all motions to join in that motion [Docs. 190, 191, 192, 193, 194, 197, & 201] are **GRANTED**, and the trial of this case is reset to **November 14, 2023**. The Court finds that all the time between the filing of Defendant Whitehead's motion on April 3, 2023, and the new trial date of November 14, 2023, is fully excludable under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. §§ 3161(h)(1)(D) & -(7)(A)–(B). Accordingly, the Court **ORDERS** as follows:

(1) Defendant Kiersten Whitehead's Motion to Continue Trial and Related Hearings and Deadlines [**Doc. 189**] and the motions to join in the requested continuance [**Docs. 190, 191, 192, 193, 194, 197, & 201**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **November 14, 2023, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

---

[2] The Court notes that Defendant Isaiah Bowman has yet to appear in this case.

(3) all time between the filing of the motion to continue on **April 3, 2023**, and the new trial date of **November 14, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **May 30, 2023**, responses to motions are due on or before **June 13, 2023**, and a motion hearing will be scheduled if needed;

(5) the new deadline for filing a plea agreement in the record and providing reciprocal discovery is **October 13, 2023**;

(6) the deadline for filing motions *in limine* is **October 30, 2023**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **November 1, 2023, at 10:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **November 3, 2023**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge